**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

RANDY RODMAN,

    Petitioner,

-vs-                                                    Case No. 8:02-CV-1477-T-30TBM

JAMES V. CROSBY, JR., et al.,

    Respondents.
_____/

Petitioner, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner challenges a conviction for aggravated battery entered by the Tenth Judicial Circuit Court, Polk County, Florida, on August 18, 2000 (Dkt. 1 at 2).

Respondent has filed a response to the petition (Dkt. 8). On January 31, 2005, Petitioner was directed to file his reply, if any, on or before February 20, 2005 (Dkt. 11). The order was mailed to Petitioner at his address of record at the Washington Correctional Institution[1] on February 1, 2005, and it has not been returned to the Clerk's office as undeliverable. To date, Petitioner has not responded to the Court's order. The matter is now before the Court for consideration of the merits of the petition.

**Background**

Petitioner was charged by information on December 6, 1999, with aggravated battery (2 counts) and aggravated assault (Dkt. 9, Ex. 14 at 3). The State dismissed one of the

---

[1] The Court takes judicial notice of information available at the Florida Department Of Corrections Offender Information Network, viewed September 9, 2005, stating that Plaintiff is currently incarcerated at the Washington Correctional Institution. *See* Fed. R. Evid. 201.

aggravated battery charges before trial (Dkt. 9, Ex. 14 at 6). Represented by the public defender's office (Dkt. 9, Ex. 14 at 1), Petitioner proceeded to a trial by jury on July 18, 2000. The jury found Petitioner guilty of aggravated battery, but acquitted him of the aggravated assault charge (Dkt. 9, Ex. 14 at 8). On August 18, 2000, Petitioner was adjudicated guilty as a prison releasee reoffender[2] and sentenced to a 15-year term of imprisonment. *See* Dkt. 9, Ex. 14 at 7, 17-20.

Petitioner's court-appointed appellate counsel, *see* Dkt. 9, Ex. 14 at 38, filed an *Anders*[3] brief identifying the following potential issue for appeal:

> [T]here appears to have been a defense of involuntary intoxication which was not presented to the jury. This is because 784.045 appears to be a specific intent crime, and the record clearly suggests that Defendant Rodman was beyond the ability to form an intent or even commit[t]ed his acts knowingly. . . . [I]t is uncontested that Defendant Rodman became intoxicated, weird, and talked crazy, and it is uncontested that he spent most of the day cleaning the tile in Mr. Jones['s] house with gasoline. . . It is also uncontested that the fumes from that cleaning were such that Mr. Jones had to go to great trouble to make the place habitable enough to watch a football game. When these

---

[2]Petitioner was sentenced to a term of life imprisonment following a conviction for second degree murder on August 10, 1989 (Dkt. 9, Ex. 14 at 7; 20-32). The Florida Department of Corrections released Petitioner on September 1, 1999. The offense of conviction Petitioner challenges herein, a second degree felony, occurred on October 10, 1999. The Prison Releasee Reoffender Punishment Act, codified as Fla. Stat. § 775.082(8), which took effect on May 30, 1997, as amended in 1999, provides that a "'[p]rison releasee reoffender' means any defendant who commits, or attempts to commit: . . . j. Aggravated assault with a deadly weapon; k. Aggravated battery; . . . within 3 years after being released from a state correctional facility operated by the Department of Corrections . . . following incarceration for an offense for which the sentence is punishable by more than 1 year in this state. . . . 3. If the state attorney determines that a defendant is a prison releasee reoffender as defined in subparagraph 1, the state attorney may seek to have the court sentence the defendant as a prison releasee reoffender. Upon proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender as defined in this section, such defendant is not eligible for sentencing under the sentencing guidelines and must be sentenced as follows: . . . c. For a felony of the second degree, by a term of imprisonment of 15 years; . . . . (b) A person sentenced under paragraph (a) shall be released only by expiration of sentence and shall not be eligible for parole, control release, or any form of early release. Any person sentenced under paragraph (a) must serve 100 percent of the court-imposed sentence." Fla. Stat. 785.082(9).

[3]An *Anders* brief is filed by a court-appointed defense attorney who wants to withdraw from the case on appeal based on a belief that the appeal is frivolous. In an *Anders* brief, the attorney seeking to withdraw must identify anything in the record that might arguably support the appeal. The court then decides whether the appeal is frivolous and whether the attorney should be permitted to withdraw. *Anders v. California,* 386 U.S. 738, 744 (1967).

>facts are considered, it indicates that Appellant Rodman may have suffered from toxic gasoline vapor inhalation – involuntary intoxication.

Dkt. 9, Ex. 1 at 12.  Petitioner filed a *pro se* habeas petition, which the state court treated as an initial *pro se* brief in his direct appeal.[4]  Rather than follow appellate counsel's lead and argue the involuntary intoxication issue, Petitioner argued that he was improperly convicted of aggravated battery with a deadly weapon because the brick used in the battery was not shown to be a deadly weapon since it was not introduced as evidence at his trial and that the trial court committed fundamental error by adjudicating him guilty based on a fatally defective information.  Petitioner's conviction and sentence were affirmed without written opinion on June 29, 2001, with the mandate issuing on September 17, 2001.  *See Rodman v. State*, 798 So.2d 738 (Fla. 2d DCA 2001) (table decision).

Petitioner filed a *pro se* petition for habeas relief in the Florida Supreme Court on November 7, 2001.  On April 3, 2002, the Florida Supreme Court dismissed Petitioner's petition for lack of jurisdiction.[5]  *See Rodman v. Moore*, 817 So. 2d 850 (Fla. 2001) (table decision).

Petitioner filed the instant petition on August 5, 2002.  He raises the same two grounds for relief he presented to the state court on direct appeal.  Respondent acknowledges that the petition is timely, *see* 28 U.S.C. § 2244(d)(1), but asserts that this Court lacks subject matter jurisdiction because Petitioner has not presented a federal question, *see* 28 U.S.C. § 2254(b)(1)(a). Having reviewed the record, the arguments

---

[4] The petition was denied on April 2, 2001. *See Rodman v. State*, 814 So. 2d 1045 (Fla. 2d DCA 2001) (table decision).

[5] See *Harmon v. Barton*, 894 F.2d 1268, 1272 (11th Cir.) (recognizing that in Florida, a per curiam affirmance decision rendered without opinion cannot be reviewed by the state's supreme court), *cert. denied*, 498 U.S. 832 (1990); *see also Grate v. State*, 750 So. 2d 625, 626 (Fla. 1999) ("Regardless of how a petition seeking review of a district court decision is styled, this Court does not have jurisdiction.").

presented by the parties, applicable statutes, and controlling case law, for reasons set forth below, the Court agrees.

## Standard of Review

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003); *Maharaj v. Sec'y of Dept. of Corr.*, 304 F.3d 1345, 1346 (11th Cir. 2002). Pursuant to § 2254:

  a. The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

  b. (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or

      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(a)-(b). Title 28 U.S.C. § 2254(b) requires the exhaustion of state court remedies before a federal habeas corpus application will be entertained. Where a petitioner has not "fairly presented" a federal constitutional claim to the state court, he has failed to exhaust his state court remedies. *Anderson v. Harless*, 459 U.S. 4 (1982); *Rose v. Lundy*, 455 U.S. 509 (1982); *Picard v. Connor*, 404 U.S. 270 (1971). The Supreme Court has rejected the theory that by presenting the facts on which an alleged constitutional violation

is based a petitioner implicitly raises the claim. *Anderson v. Harless*, 459 U.S. at 6. The petitioner must make the state court aware that the claims asserted present federal constitutional issues. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir.), *cert. denied*, 525 U.S. 963 (1998).

The failure of a federal habeas petitioner to adhere to state procedural rules governing the timely presentation of claims will bar federal review of those claims in a subsequent federal habeas corpus proceeding. *See Wainwright v. Sykes*, 433 U.S. 72 (1977); *Sims v. Singletary,* 155 F.3d 1297, 1311 (11th Cir. 1998). The federal habeas court must defer to the state court's interpretation of its procedural rules, and must enforce those rules as well as enforcing the procedural rulings of the state courts. *See Lindsey v. Smith*, 820 F.2d 1137 (11th Cir. 1989).

## Discussion

In Ground One, Rodman alleges that the trial court committed fundamental error by adjudicating him guilty of aggravated battery based on an "infirm" jury verdict. In his supporting facts, Rodman contends that the charging document alleged that he committed aggravated battery with a deadly weapon, to wit, a brick. Petitioner argues that because the brick was not introduced into evidence during his trial, the jury could not find that a deadly weapon was used, as a matter of law.

In Ground Two, Petitioner alleges that the trial court committed fundamental error by adjudicating him guilty based on a "fatally defective information," realleging the facts set forth in support of Ground One of the petition. Petitioner also faults the trial court for instructing the jury on the alternative theory of aggravated battery by great bodily harm, permanent disability, or permanent disfigurement.

As stated *supra*, Petitioner raised these claims on direct appeal and in a petition for state habeas relief. Respondent argues, however, that Petitioner has not presented a federal question regarding the state's proof of the elements of the offense of conviction, the charging document, or the propriety of the instructions given the jury regarding the elements of the offense. The record supports Respondent's position. The issues Petitioner presented on direct appeal were, as in the instant petition, pressed only in state law terms.

In his first state habeas petition, construed by the state court as an initial *pro se* appellate brief, Petitioner argued that the trial court erred in failing to grant his motion for a judgment of acquittal since the State failed to place the brick alleged to have been used as a weapon into evidence. According to Petitioner, without having seen the brick, the jury could not, as a matter of law, find him guilty of aggravated battery.

In the Statement of the Case for the state habeas petition, Petitioner made the broad assertion that he "is being held illegally and without lawful authority in violation of the Fifth and Fourteenth Amendments of the United States Constitution" (Dkt. 9, Ex. 014 at 2). The only other time Petitioner alludes to federal law, he argues that because there is nothing in the record to support the jury's verdict, he "should therefore be discharged," (Dkt. 9, Ex. 004 (unnumbered)), citing, without discussion, two United States Supreme Court cases: *Burks v. United States*, 437 U.S. 1 (1978), and *Greene v. Massey*, 437 U.S. 19 (1978).[6] Neither of these cases is cited in the instant petition. In short, Petitioner fails to present any

---

[6]These two cases carve out a narrow exception to the rule that a criminal defendant who successfully appeals a judgment against him "may be tried anew . . . for the same offense of which he had been convicted." *United States v. Ball,* 163 U.S. 662, 672 (1896). Two closely related policies underlie this exception: (1) a reversal based on insufficiency of the evidence has the same effect as a judgment of acquittal, to which the Double Jeopardy Clause attaches special significance, because both mean that no rational finder of fact could have voted to convict the defendant on the evidence presented; and (2) the prosecution should not be afforded another opportunity to supply evidence it failed to muster in the previous trial, neither of which is relevant to the challenge in these proceedings to the fact of Petitioner's conviction. *See Tibbs v. Florida*, 457 U.S. 31, 40-42 (1982) (citing *United States v. Burks*, 437 U.S. at 18; *Greene v. Massey*, 437 U.S. at 24-25)).

argument on this issue in his state court brief which can be construed as presenting federal constitutional claims.

In his second state application for a writ of habeas corpus, Petitioner again made the bald assertion that he "is being held illegally, deprived of his liberty without lawful authority in violation of the Fifth and Fourteenth Amendments of the United States Constitution" (Dkt. 10, Ex. 15 (unnumbered).   A review of the document confirms, however, that there is no federal case law cited or constitutional argument presented therein.

A challenge to a conviction must do more than pose a question of state law, for such a challenge alleges no deprivation of federal rights and does not merit habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Engle v. Isaac*, 456 U.S. 107, 119 (1982) (refusing to review an argument pertaining to an affirmative defense).

Merely citing Supreme Court precedent is not, standing alone, enough to exhaust a federal habeas claim in state court. *See McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (citations omitted).  To meet the exhaustion requirement for a federal habeas claim, it is not sufficient merely that the petitioner "has been through the state courts . . . nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made."  *See id.* at 1302 (citations omitted). To satisfy the exhaustion requirement, federal habeas courts "require that a petitioner presented his claims to the state court 'such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation.'" *Id.* The *McNair* court held that:

> It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar. *See, e.g., Coleman v. Thompson,* 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115

> L.Ed.2d 640 (1991) (citations omitted) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred ... there is a procedural default for purposes of federal habeas."). In such a situation, the Supreme Court has held that the petitioner has failed to properly exhaust his state court remedies and therefore has procedurally defaulted his claims. *O'Sullivan v. Boerckel,* 526 U.S. 838, 848, 119 S.Ct. 1728, 1734, 144 L.Ed.2d 1 (1999) (emphasizing that the relevant inquiry is "not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts" (emphasis in original)).

416 F.3d at 1305.

Generally, a "federal court may not grant habeas corpus relief to a state prisoner who has not exhausted his available state remedies." *Snowden v. Singletary*, 135 F.3d at 735. A state prisoner is entitled to relief under § 2254 only if he is held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The exhaustion of state remedies requires that petitioners "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation omitted) (quotations omitted). Hence, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365-66; *see also Snowden*, 135 F.3d at 735 ("Thus, to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues.").

In the present case, Petitioner only apprised the state court that the instant claims involved violations of state law.  Petitioner's only references to federal law or a federal constitutional issue are, as discussed above, insufficient to satisfy the exhaustion

-8-

requirement. *Ziegler v. Crosby*, 345 F.3d 1300, 1307 (11th Cir. 2003) (finding that the petitioner's federal habeas claims were not raised in the state court when the direct appeal made no reference to the federal constitutional issues raised in the federal habeas petition). Petitioner did not alert the state court to the fact that he was asserting claims under the United States Constitution. "[O]nly claims that were raised as federal constitutional issues before the state courts have been exhausted in the state courts." *Snowden*, 135 F.3d at 736 n.4. Nothing in the record suggests that the statutory exceptions to the exhaustion requirement are applicable in the present case. *See* 28 U.S.C. § 2254(b)(1)(B). Thus, Petitioner's claims are unexhausted.

Without question, the Florida courts will no longer entertain on the merits an application by Petitioner for post-conviction relief. Since he would be precluded from now raising these claims in the state courts, they are procedurally defaulted. There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception; the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992). Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar.

As the Eleventh Circuit observed in *Hill v. Jones*, "[a] petitioner is not entitled to a hearing on the threshold issues of cause and prejudice or manifest injustice without first proffering specific facts which support a finding that one of these exceptions to the

procedural default rule exists." 81 F.3d 1015 (11th Cir. 1996). Without such a showing, a federal habeas court should not discuss the merits of a claim that has been procedurally defaulted in state court. *Kight v. Dugger*, 50 F.3d 1539, 1543 (11th Cir. 1995).

## CONCLUSION

For the foregoing reasons, the Court finds that Petitioner has not demonstrated that he is entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 27, 2005.

						_____
						JAMES S. MOODY, JR.
						UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Parties of Record

SA/jsh